IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-128 JJF |
| | : | Criminal Action No. 07-84 JJF |
| ROBERT W. SHEPHERD, III, | : | |
| a/k/a "Manny" a/k/a "Jig," | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its

attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas

E. McCann, Assistant United States Attorney for the District of Delaware, and the defendant,

Robert W. Shepherd III, by and through his attorney, Eleni Kousoulis, Esquire, the following

agreement is hereby entered into by the respective parties:

1.      The defendant shall plead guilty in the United States District Court for the District

of Delaware to Count I of the Indictment in Criminal Action No. 06-128 and Counts I and II of a

Felony Information in Criminal Action No. 07-84.  Count I of the Indictment charges the

defendant with knowingly conspiring to distribute, and to possess with intent to distribute, more

than five kilograms of cocaine, a controlled substance, in violation of Title 21, United States

Code, Sections 841(a)(1) and (b)(1)(A) and 846.  Count I of the Felony Information charges the

defendant with the attempted possession with intent to distribute more than 500 grams of

cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1)

and (b)(1)(B) and 846.  Count II of the Felony Information charges the defendant with

conducting and attempting to conduct an illegal monetary transaction, in violation of 18 U.S.C. §

1957. With respect to Counts I and II of the Felony Information, the defendant waives any

challenge he might bring, whether based on the Constitution, statute, procedural rules or case law, that venue on Counts I and II of the Felony Information cannot lie in the District of Delaware.

2.      The defendant understands that the United States has filed an Information in Cr. A. No. 06-128, as well as an Information in Criminal Action No. 07-84, alleging that he has a "prior conviction for a felony drug offense," pursuant to 21 U.S.C. Section 841(b)(1)(A) & 851 (the "851 Informations"). The defendant agrees that he has been convicted of the prior felony drug offenses described in the 851 Informations, and waives any and all substantive and procedural objections to the 851 Informations. The defendant understands that as a consequence of his guilty plea and the filing of the 851 Informations, the maximum sentence for Count I of the Indictment is life imprisonment, of which twenty years are minimum-mandatory, a fine of $8,000,000, lifetime supervised release with a minimum of ten years of supervised release, and a $100 special assessment. The maximum penalties for Count I of the Felony Information are life imprisonment, of which ten years are minimum-mandatory, a fine of $4,000,000, lifetime supervised release with a minimum of eight years of supervised release, and a $100 special assessment. The maximum penalties for Count II of the Felony Information, which penalties are not affected by the 851 Informations, are ten years imprisonment, a fine of $250,000, three years supervised release, and a $100 special assessment.

3.      The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is: for Count I of the Indictment: (1) two or more persons conspired, or agreed, to commit the crime of possessing with intent to distribute, or distributing of, five kilograms or more of a mixture and substance containing a detectable amount of cocaine; and (2) that the defendant knowingly and voluntarily joined the conspiracy; for Count I of the Felony Information: (1) that on or about October 30, 2006, the defendant knowingly attempted to possess with intent to distribute a

2

substance he believed to be cocaine; (2) the substance weighed more than five hundred grams; and (3) the defendant took a substantial step, that is, he delivered purchase money to the seller and took physical possession of at least two kilograms of what he believed to be cocaine; and for Count II of the Felony Information: (1) that from on or about January 19, 2006 to on or about January 23, 2006, the defendant conducted or attempted to conduct a financial transaction, and aided and abetted conducting and attempting to conduct such financial transaction, specifically, the transfer of $18,000 in monetary instruments to Keyes European, a car dealership, in order to lease a 2005 Mercedes Maybach VIN # WDBVG78J15A001102; (2) that the said $18,000 in monetary instruments was derived from the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1); (3) that the value of the monetary instruments involved in the financial transaction exceeded $10,000; (4) that the defendant knew the transaction involved criminally derived property, and (5) that the transaction took place within the United States.

4.    The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence.  At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.  The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge.  The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines.  The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5.    The defendant agrees to pay the $300 special assessments the day of sentencing.

Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6.    The defendant agrees to cooperate fully and truthfully with the Government as follows:

a.    The defendant agrees to provide truthful, complete and accurate information and testimony.  The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

b.    The defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Indictment of which he has knowledge, and any other crimes about which he has knowledge.  The defendant further understands and agrees that (I) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the defendant's entry of a guilty plea.

c.    The defendant agrees to provide the government with information concerning any bank accounts in his name or in the name of another in which sums are deposited by or at the direction of the defendant, and information about his state and federal taxes in the last seven years, including his state and federal tax returns.  The defendant further agrees to provide all names, aliases and social security numbers presently or previously used by him.  Defendant understands that his assets, if any exist, may be subject to civil or criminal forfeiture proceedings.

d.    The defendant agrees that he will not falsely implicate any person or entity

4

and he will not protect any person or entity through false information or omission.

e.      The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial if called as a witness.

f.      The defendant agrees to hold himself reasonably available for any interviews as the government may require.

g.      The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

h.      The defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the government.

i.      To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the government agrees that all relevant sentencing information is available.

j.      The defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the government and the defendant shall be subject to prosecution for any federal crime of which the government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation.  The prosecution may be based on any information provided by the defendant during the course of his cooperation, and this information may be used as evidence against him.  Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

7.      If  the government in its sole discretion determines that the defendant has fulfilled

5

his obligations of cooperation as set forth above, at the time of sentencing, the government will:

      a.     Make the nature and extent of the defendant's cooperation known to the Court.

      b.     Make a motion for a downward departure from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1 and/or 18 U.S.C. §3553(e).  The government shall make such a motion only if, in its sole discretion, it determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that, as of the date of this Memorandum of Plea Agreement, the government has not yet determined whether his conduct qualifies for a government motion pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e).

      c.     The defendant further understands that the government in its sole discretion will decide whether and how to investigate any information provided by him.   The defendant further understands that if he breaches this agreement in any way, including by committing a new crime after the date of this agreement, the government will not file a substantial assistance motion.

      d.     Make whatever sentencing recommendation the government deems appropriate.

8.     The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

9.     The defendant understands that if it is discovered that statements made to the government are untruthful in any material way, this agreement is violated and becomes voidable by the government.  Whether any untruth is considered material is a determination that the government will make in its sole discretion.

10.    The defendant agrees to join in any reasonable request of the government to postpone entry of this guilty plea, or to postpone sentencing.  The defendant agrees to join in any motion or other action by the government to exclude time under the Speedy Trial Act.

11.    The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past two years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1000 that, within the last two years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

12.    The defendant agrees to forfeit all interests in any drug-related and money laundering-related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense.

13.    The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he/she understands

7

that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

14.    The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct and/or property facilitating illegal conduct and/or property involved in illegal conduct giving rise to forfeiture.

15.    It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all

///

promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.


COLM F. CONNOLLY
United States Attorney


_____          By:_____
Eleni Kousoulis, Esquire                    Douglas E. McCann
Attorney for Defendant                      Assistant U.S. Attorney


_____
Robert W. Shepherd III
Defendant

Dated:


**AND NOW**, this ____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.


_____
HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE